IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARYLAND CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MID-CONTINENT CASUALTY COMPANY,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: MID-CONTINENT'S DUTY TO DEFEND**<br><br><br>Case No. 2:14-cv-522-DB<br><br>District Judge Dee Benson |

This matter is before the court on Plaintiff's motion for partial summary judgment regarding Defendant's duty to defend. (Dkt. No. 14.) Plaintiff's motion seeks a declaratory judgment that Defendant had a duty to defend in an underlying construction defect action, *Intrigue Homeowners Association v. Red Point Homes, et al.*, Case No. 080907356, Third Judicial District of Salt Lake County, State of Utah. The court has reviewed the briefs submitted by the parties and now being fully advised, renders the following Memorandum Decision and Order granting Plaintiff's motion.

**Background**

Red Point Homes, Inc. ("Red Point") was a general contractor on a construction project. Plaintiff issued Policy No. SCP37187979, effective November 17, 2001 to November 17, 2002, to Red Point. Defendant issued Policy No. 04-GL-000096996 effective November 17, 2002 to November 17, 2003 and Policy No. 04-GL-000527876 effective November 17, 2003 to November 17, 2004 to Red Point. Following allegations of property damage associated with the construction project, the Intrigue Homeowners Association filed the underlying construction

defect action against Red Point in May 2008. Plaintiff defended the underlying action under a reservation of rights and ultimately settled the case with the association. Red Point and Plaintiff tendered the underlying action to Defendant for a defense, but Defendant denied its duty to defend based on exclusions in the policies it issued to Red Point.

## Discussion

In the present motion, Plaintiff claims that Defendant should have paid at least a portion of defense costs in connection with the underlying action because at least a portion of Red Point's claimed liability was potentially covered by one or both of the policies issued by Defendant. Defendant maintains that it had no duty to defend because the allegations against Red Point were all subject to one or more exclusions in the policies at issue. Defendant also argues that Plaintiff's claim for equitable contribution is untimely and that Plaintiff has no standing to bring a breach of contract claim against it.

As a preliminary matter, the court finds that Plaintiff has standing to pursue its action against Defendant pursuant to a transfer of rights provision in the insurance policy it issued to Red Point. Furthermore, under Utah law, an insurer may institute an action to recover defense expenditures from a co-insurer which failed to defend or failed to pay its share of the defense expenses. *See, e.g. Sharon Steel v. Aetna Cas. and Sur. Co.*, 931 P.2d 127, 137-138 (Utah 1997). Plaintiff's action is also timely. The action is based upon a contract—Defendant's policy issued to Red Point—and is thus governed by Utah's six year statute of limitations. Utah Code Ann. § 78B-2-309.  Defendant denied that it had a duty to defend in December 2008 and this action was filed in July 2014, well within the six year statute of limitations period.

With regard to Defendant's duty to defend, the court finds that at least some of the allegations in the underlying action create a potential of liability for Defendant. Under Utah law, an insurer has a duty to defend its insured against "a liability claim which is covered or which is potentially covered." *Summerhaze Co. v. Fed. Deposit Ins. Corp.*, 332 P.3d 908, 920 (Utah 2014). To avoid a duty to defend, an insurer "must demonstrate that none of the allegations of the underlying claim is potentially covered (or that a policy exclusion conclusively applied to exclude all potential for such coverage.)" *Cincinnati Ins. Co. v. AMCSO Windows*, 921 F. Supp. 2d 1226, 1236-37 (D. Utah 2013).

Defendant has failed to establish that policy exclusions applied to all of the allegations in the underlying claim. As more fully set forth in Plaintiff's briefs, which are hereby adopted by the court, the policies' exclusions, though potentially applicable to some of the allegations in the complaint, do not conclusively apply to exclude all potential for coverage. For example, the underlying complaint alleged damage and loss to the units and personal property within them, as well as to the association's real and personal property. Defendant did not provide any exclusion that would conclusively apply to exclude all potential for coverage of potential liability arising out of those allegations. The underlying complaint also refers more generally to consequential, resultant, and compensatory damages, which may give rise to liability that is covered under Defendant's policies and to which no exclusion applies. As such, a potential for liability existed and Defendant had a duty to defend the underlying construction action.

## Conclusion

Plaintiff's motion for partial summary judgment regarding Defendant's duty to defend is hereby GRANTED.

DATED this 10th day of August, 2015.

BY THE COURT:

Dee Benson
United States District Judge